UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LIMA TOWNSHIP RESIDENTS,
Residents of a Michigan Township,
CITIZENS OF LIMA FOR CANNABIS.
a Michigan General Partnership,

      Plaintiffs,

v.

LIMA TOWNSHIP, DUANE LUICK,
NANETTE HAVENS, GREG MCKENZIE, and
DALE LUICK,

      Defendants.

Case No.

Hon.

**COMPLAINT and
JURY DEMAND**

---

James E. R. Fifelski (P65148)
Fifelski Legal, PLC
Counsel of Record for Plaintiffs
2723 S. State Street, Suite 150
Ann Arbor, MI 48104
(734) 726-0225
james@annarborslawyer.com

---

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.*

### COMPLAINT FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS, AND MONEY DAMAGES / JURY DEMAND

    NOW COME Plaintiffs, LIMA TOWNSHIP RESIDENTS ("Lima"), and CITIZENS OF LIMA FOR CANNABIS ("Citizens"), by and through their attorneys, Fifelski Legal, PLC, and The Garbis Law Firm, LLC, and complaining of Defendants LIMA TOWNSHIP ("Lima"), DUANE LUICK (" Luick"), NANETTE HAVENS ("Havens"), GREG MCKENZIE ("McKenzie"), and DALE LUICK ("Dale Luick"), state the following for their Complaint:

**Parties**

1. At all times relevant, Plaintiff Lima was a municipal corporation and political subdivision situated within Washtenaw County, State of Michigan.

2. At all times relevant, Plaintiff Citizens was a Partnership with its principal and base of operations located at 12345 Jackson Road, Lima Township, Washtenaw County, State of Michigan.

3. At all times relevant, Defendant Luick was the Supervisor and Trustee of the Township of Lima, located in Washtenaw County, State of Michigan.

4. At all times relevant, Defendant Havens was the Treasurer and Trustee of the Township of Lima, located in Washtenaw County, State of Michigan.

5. At all times relevant, Defendant McKenzie was a Trustee of the Township of Lima, located in Washtenaw County, State of Michigan.

6. At all times relevant, Defendant Dale Luick was a Trustee of the Township of Lima, located in Washtenaw County, State of Michigan.

**Jurisdiction & Venue**

7. This Court has jurisdiction over the subject matter hereof and the parties hereto for violations of 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and Article 1 §17 of the Michigan Constitution.

8. Under 28 U.S.C. § 1391(b), venue is proper in any federal district in which any defendant resides, if all defendants are residents of the State in which the district is located, and where "a substantial part of the events . . . giving rise to the claim occurred...." Plaintiffs have sustained a: (1) distinct and palatable injury as a result of the putatively illegal conduct of the defendants; (2) the injury is fairly traceable to the

challenged conduct; and (3) it is likely be redressed if relief is granted. See, Valley Forge Christian College v. Americans United for Separation of Church and State, Inc. 454 U.S. 464, 472 (1982).

9. Venue is placed in the United States District Court for the Eastern District of Michigan because it is where the Defendants reside and where the events complained of occurred.

## Factual Allegations

10. In 2018, the State of Michigan gave its Township, Village, City and County residents the right to vote on whether to have provisioning centers (places where adults could purchase cannabis legally for medical or recreational use) established in their communities.

11. The Legislature also approved in 2018 the Michigan Regulation and Taxation of Marijuana Act. (See, Michigan Legislation Initiated Law 1 of 2018; MCL 333.27951-333.27967).

12. In the 2018 November election, Lima Residents voted 55% in favor of adult use cannabis. (See, MLive report, attached hereto as Exhibit "A").

13. As an incentive for the townships and cities who chose to opt in the initiative, a 10% excise tax imposed on the sales of recreational cannabis would be redistributed to the cities and townships, both directly and indirectly for the benefit of the schools and roads within each City, Village, and or Township and each County. For every $100 collected by the state excise tax, $15 would go directly to the City, Village or Township where a provisioning center is located for the benefit of its roads, $15 would go to the *county* [emphasis added] where the provisioning center is located for the benefit of its roads, $35 would go to the Michigan Transportation Fund, and the remaining $35 would go

to the Michigan School Aid Fund. (See, 2021 Department of Treasury Report, attached hereto and labeled as Exhibit "B").

14. On October 12, 2020, A group of Lima entrepreneurs with residential and business ties to the community and experience in the manufacture and sale of marijuana, collectively called "Citizens", approached the Trustees of Lima at the monthly Trustee meeting.

15. Present at that meeting on behalf of Citizens were George Panagoulias, Andrew Sereno, David Hughes, and Phil Conlan. These four members represented the key members of Citizens. Panagoulias is the landowner where a provisioning center and commercial grow was proposed to be built, Sereno is an entrepreneur with 10 years of experience in provisioning and cultivation businesses located in California, Colorado and Michigan, Hughes was the president an owner of Vanston O'Brien, a local construction company known for quality commercial construction, architecture and engineering and clients including Global Ethanol and the University of Michigan, and Conlan, a local real estate commercial developer with 40 years of experience in commercial development in Washtenaw County, Michigan.

16. Citizens had learned at the previous September 2020 meeting, and at a few meetings before, a separate group approached the Trustees and sought to have an existing vacant building which was once used as part of a grain milling business to be divided into five (5) addresses for five (5) caregiver marijuana grows.

17. According to Luick, the Trustees were entertaining the separate groups request.

18. Citizens informed the Trustees of Lima Township that this separate group may be trying to circumvent Michigan law, but more importantly, Lima township would receive no economic benefit from the five caregiver grows in one building.

19. Citizens offered several facts to further support their position. First, in 2018 the Residents voted in favor of recreational cannabis use and sales in 2018. Second, the various medical benefits of the product which could be used as an alternative to other medications, such as opioids. Third, the state excise tax provides economic benefits for the Township roads and schools only from provisioning centers.

20. The amount of the 2020 excise tax was unknown at the October 2020 meeting, but it would be determined by the State in the spring of 2021.

21. Additionally, the Trustees were reminded of Washtenaw County Road Commission 2020 Local Matching Program, dated March 16, 2020. Lima Township would match the contributions of Washtenaw County for road maintenance/improvement and water drainage difficulties due to a lack of public sewage system. (See, Local Matching Program, attached hereto and marked as Exhibit "C").

22. Lima Township's proportionate share of the Matching program was $33,998.00 for the roads, and $12,804.00 for water drainage. (Exhibit C).

23. Lima Township proportionate share would be paid by the Residents through Township funds and millage(s). (Exhibit C).

24. In fact, it was later learned that in 2020, Lima Township spent $200,000.00 for repair and maintenance of its roads, bridges and streets. (See, Lima Township Budget 2020-2021, attached hereto and marked as Exhibit "D").

25. The Trustees were informed that the proposed location was an optimal location, which was more than 1000 feet from and schools, churches and parks. The lot is zoned as commercial on the Township's master plan.

26. At the conclusion of Citizens presentation, none of the Trustees had any questions. A sole township resident was concerned that crime would accompany the establishment of Marijuana retail and cultivation businesses. Since adopting medical and recreational sale of cannabis in 2020, there has been no change in criminality in Washtenaw County, where 30 provisioning centers were within a thirty (30) mile radius of Citizens proposed business location. The trustees were later reminded that crime has remained at consistent levels in 2021, 2022, and 2023.

27. Days after the meeting Lima's Supervisor Luick met and spoke with George Panagoulias and Andrew Sereno, members of Citizens, and were told that the proposal was informative, professional, but would require greater discussion amongst the Trustees to approve and reverse the Trustees' previous decision to prohibit marijuana businesses in Lima Township. Panagoulias was told to continue with pre-construction efforts and to set a meeting with the county clerk after the New Year, preferably in February, as the January 2021 Township meeting was reserved for existing Township projects.

28. Panagoulias was pleased with Luick's recommendations and continued to act as Luick directed.

29. In the months that followed, Panagoulias met with fellow Citizen member Hughes, and asked him to commence with the initial steps for constructing a ten to twenty thousand square foot building.

30. Hughes first surveyed the proposed location of the grow and provisioning center and obtained core samples.

31. Hughes found that the land perked, which signified that the land was suitable for construction, and could even accommodate a cellar/sub level if required.

32. Hughes directed his on-site architects to draw preliminary plans and make a color rendering of the structure.

33. Upon receipt of the completed construction plans, Panagoulias contacted Luick in February of 2021, as directed by Luick.

34. After several cancelations, Luick met with Panagoulias on March 5, 2021 at 11 a.m. at Stivers Restaurant 11 S. Fletcher Road, Chelsea Michigan.

35. Panagoulias presented Luick with an overhead shot of the proposed construction, with an indication where the building would be constructed in relation to abutting Fletcher Road, architectural drawings for a twenty thousand square foot building, and color building renderings. Panagoulias asked Luick if he had the opportunity to speak to the other Trustees to see how they felt about Citizen's proposal. Luick stated he believed that some of the members did not favor to change Lima's prior decision to opt out cannabis, but that he would continue to communicate with the dissenters and try to persuade them to change their minds and change the existing rules. Panagoulias asked specifically which Trustees supported and which dissented Citizens proposal, to which Luick he was not certain. This frustrated Panagoulias, as Luick's son, Dale Luick, happened to be one the other five Trustees, and as such, Luick could easily ask his son which way he would vote. Panagoulias though Luick had done nothing in relation to Citizens' venture, and expressed his dissatisfaction to Luick. Luick further assured Panagoulias that he supported Citizens' initiative, he would assist in getting his son's

support, and obtain the support of an additional Trustee, as only three votes were needed to change the existing Lima ordinance.

36. Approximately two hours after the meeting, Panagoulias received a text message from Luick, which included:

> Hey George. [I]t was a good meeting. I just want to let you know that if rezoning doesn't work. I think your[e] adult enough not to. Blame me cuz I cannot control the entire 5- person board. I just don't want to be hard feelings no matter which way it goes. Talk to you later.

37. Several hours later, at 7:35 p.m., Panagoulias responded to Luick, and stated:

> Sure Dwane. We try, do what we can. Pray for the best, expect the worst. Keep it on the down low for now. But do feel out your friendly board members to see where they stand on dispensary and class c grow.

38. Citizens had several more meetings with Luick and attended several Township Trustee meetings through the remainder of 2021, at which no decision was reached by the Trustees.

39. On March 14, 2022 Citizens attended the township meeting again for questions and to provide supplemental information should the township require same.

40. Following the meeting, Supervisor Luick sent Panagoulias a text:

> Andrew [Sereno's] scored some points with Greg [McKenzie] tonight I want to let you know that to give you some positive feedback I still remaining neutral but I'm going to assess and do what I do which is good. If I go to far one way Elaine [Bater} will negate it because she hates everything I do so don't worry I know what the F*** I'm doing.

41. This was first time Luick represented to Citizens that he was "neutral", but that he was also helping Citizens' efforts. Based on that response, Panagoulias and Sereno remained optimistic.

8

42. That same summer, the Township issued a general survey for residents and persons who frequent Lima township. The party administering the report was Carlyle Wortman. A few of the questions focused on Marijuana business for the township. The survey ended on September 12, 2022. 275 people responded online to the questioner, and Citizens was able to get 120 responses through their own efforts at a local tavern located adjacent to the proposed location of the grow and provisioning center.

43. The next township meeting was set for October 10, 2022. Sam Boyce, Joel Boyce, David Hughes, David Brewer, Phil Conlan and George Panagoulias, all of Citizens, were asked to be placed on the itinerary. At that meeting, a final report of the survey was requested. The initial report was fairly consistent with the 2018 election, were 55% of the residents voted in favor of adult marijuana use and the businesses for same. The Trustees again were asked to bring this issue to a vote, with nothing done.

44. Once the winter of 2023 had passed, Panagoulias had lost faith in the township.

45. In the Spring and summer of 2023, Panagoulias commenced a signature based initiative to be placed on the fall 2023 ballot. Citizens needed 123 signatures to be placed on the ballot. Citizens presented its signatures to Lime Township's Clerk in September 2023, and later learned that the signatures were filed two weeks to late.

46. Panagoulias, through Citizens contacted Washtenaw County's clerk, and was told that Citizens initiative could be soonest placed on the May 2024 ballot, and all signatures and materials needed to be submitted 14 weeks before the next election.

47. Citizens complied with this request and timely submitted its materials. In late January, of 2024, Citizens learned that Lima claimed that the signatures were defective as the signature pages were not on the proper paper size. See attached letter from Defendants

48. According to Elaine Bater and Teresa Reynhout, two persons who served as Trustees of Lima at all times relevant, the five trustees never discussed or voted on Citizens initiative.

49. In essence, they have done nothing, to the township's detriment of being deprived of State funds. What's even more shocking is that at least 5 provisioning centers in Washtenaw county deliver to adult users who reside in Lima Township, so other townships and cities are benefiting to the detriment of Lima Township.

50. Plaintiff Citizens through Panagoulias, contacted Attorney Dan Cramer to speak to Defendant's counsel, and later learned that Trustee Duane Luick instructed their counsel to do everything in his power to keep Citizens off the 2024 ballot.

51. In 2021, distributions for the excise tax commenced. For each provisioning center, every Michigan City, Village and Township received $28,000 for its roads. Every County received $28,000 for each provisioning center for its roads. (See, 2022 Department of Treasury Report, attached hereto and labeled as Exbibit "E").

52. In 2022, for each provisioning center, every Michigan City, Village and Township received $56,400 for its roads. Every County received $56,400 for each provisioning center for its roads. (See, 2023 Department of Treasury Report, attached hereto and labeled as Exbibit "F").

53. In 2022, for each provisioning center, every Michigan City, Village and Township received $59,000 for its roads. Every County received $59,000 for each provisioning

center for its roads.  (See, 2024 Department of Treasury Report, attached hereto and labeled as Exbibit "G").

54. That Lima continues to be deprived of excise tax funds to its detriment by its Trustees for their inaction and incompetence.

55. At all relevant times, Defendants were compensated for their positions.  Both Dwane Luick and Nanete Havens received in excess of $33,000.00 per year, and Defendants Greg McKenzie and Dale Luick earned in excess of $3,000.00 per year.

### Procedural Due Process Violation

56. Article I, Section 2 of the Michigan Constitution provides. "No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law."  Mich. Const., Art. I § 17.  "No person shall be denied the equal protection of the laws." Mich. Const., Art. I § 2.

57. Defendants' failure to set Citizens' initiative for trustee vote has deprived Citizens rights without due process of law.

58. Defendant declaration that the signatures obtained by Citizens were defective thus not valid in its refusal to place Citizens on the ballot further violates Citizens' rights without due process of law.

59. By reason of the foregoing, an actual controversy exists between the parties which must be determined by a judgment or order of this Court.  This Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under Michigan law, and to adjudicate the final rights of all parties, and to give further relief as may be necessary to enforce the same.  Resolution of this controversy by means of declaration requested herein will terminate the controversy or some part thereof.

## Count I
## Writ of Mandamus
### (Plaintiffs v. Defendants Luick, Havens, McKenzie and Dale Luick)

60. Plaintiffs realleges and incorporates herein Paragraphs 1-59 of the previous section as Paragraphs 1-59 of Count I, as fully stated herein.

61. Defendants have a duty to uphold and comply with the requirements of the Village Municipal Code, the Michigan Complied Statutes and other laws enacted by the State of Michigan.

62. Defendants have failed to vote on Plaintiff Citizens' proposed ordinance.

63. Defendants' duties are both ministerial and nondiscretionary, and Plaintiff has a clear right to the performance of such duties. Any further demand for the performance of such duties would be futile.

64. Defendants' refusal to act in this case is arbitrary and not in accordance with the law. Defendant willfully, and unreasonably, has delayed and has refused to approve Plaintiff's initiative, thereby depriving Plaintiff of its property rights. Moreover Plaintiff has been deprived of its due process. Defendants have violated their ministerial and nondiscretionary duty to conduct a vote on Plaintiff's initiative and failure to place Plaintiff on the ballot.

65. As a result of Defendants' failure to perform their ministerial and nondiscretionary duties, Plaintiff has suffered and will continue to suffer irreparable harm. Plaintiff Citizens has been unable to proceed under the Agreement and develop the Property and therefore has been unable to earn any income from its business operation, resulting in the loss of revenue in excess of $1,000 per day since December of 2021. Plaintiff Residents of Lima have been deprived of excise tax revenue from sale of

marijuana, and deprived Lima from the increased property taxes, benefits it would have received but for its failure to act.

WHEREFORE, Plaintiff, CITIZENS OF LIMA FOR CANNABIS, prays that this Honorable Court:

A. Enter a judgment finding and declaring that the refusal of Defendants, DUANE LUICK, NANETTE HAVENS, GREG MCKENZIE and DALE LUICK, to approve the vote on Plaintiff's initiative is unconstitutional and violates Plaintiff's due process rights;

B. Issue a Writ of Mandamus to Plaintiff CITIZENS OF LIMA FOR CANNABIS, to immediately approve the proposed ordinance, or;

C. Place Plaintiff CITIZENS OF LIMA FOR CANNABIS initiative on the May 2024 ballot;

D. Award damages in favor of Plaintiffs and against Defendants, DUANE LUICK, NANETTE HAVENS, GREG MCKENZIE and DALE LUICK in excess of $100,000, plus attorney's fees and court costs to reasonably compensate Plaintiff for its injuries; and

E. Order whatever other relief this Court deems just.

## Count II
## Violation of Due Process – Declaratory Judgment
### (Plaintiffs v. All Defendants)

66. Plaintiffs reallege and incorporates herein Paragraphs 1-65 of Count I as Paragraphs 1-65 of Count II, as fully stated herein.

67. Defendants have taken every action to delay the implementation of Plaintiff Citizens initiative since it was first proposed. Defendant Trustees Dwane Luick, Nanete Havens, Greg McKenzie and Dale Luick have stymied Plaintiff Citizens ability to act. Simple tasks that should have been taken by Defendants are either tabled or outright ignored. In turn, Plaintiffs continues to suffer the damages that led Plaintiffs to file this action

68. Defendants' duties under the law are clear. Defendants cannot avoid the procedural requirements and refuse to act. Defendants must place this matter on the May 2024 ballot.

69. The Trustees led by Dwane Luick, took an inordinate amount of time to approve or reject Citizens' initiative, and can no longer be trusted to act for the benefit of Plaintiff Residents.

70. Plaintiff has a clear right to the performance of Defendants' duties. Any further demand for the performance of such duties would be futile.

71. Defendants' refusal to act in this case is arbitrary and not in accordance with the law. Defendants have willfully, and unreasonably, delayed and have refused to comply with their administrative duties, thereby depriving the Plaintiffs of its rights. Moreover, Plaintiffs has been deprived of its due process. Defendants have violated their ministerial and nondiscretionary duties to conduct a hearing on the on Plaintiff Citizens' initiative, put same to a vote, and to place Citizen's initiative on the ballot.

72. As a result of Defendants' failure to perform their duties, Plaintiffs Citizens have suffered and will continue to suffer irreparable harm. Plaintiff Citizens has been unable to commence its initiative and therefore has been unable to earn any income from its business operation, resulting in the loss of revenue in excess of $1,000 per day since December 5, 2021.

73. As a result of Defendants' failure to perform their duties, Plaintiff Residents have suffered and will continue to suffer irreparable harm. Plaintiff Residents have been deprived of excise tax benefits and continue to be deprived of same.

WHEREFORE, Plaintiff RESIDENTS OF LIMA TOWNSHIP and CITIZENS OF LIMA FOR CANNABIS, pray that this Honorable Court:

A. Enter a judgment finding and declaring that the denial of Defendants, DUANE LUICK, NANETTE HAVENS, GREG MCKENZIE and DALE LUICK, to hold a hearing to approve Plaintiff CITIZENS' initiative Defendants' denial of placing CITIZENS initiative on the May 2024 ballot is unconstitutional and violates Plaintiff's due process rights;\

B. Issue a permanent injunction to Defendants, DUANE LUICK, NANETTE HAVENS, GREG MCKENZIE and DALE LUICK to immediately place Plaintiff CITIZENS initiative on the May 2024 ballot;

C. Award damages in favor of Plaintiffs and against Defendants, DUANE LUICK, NANETTE HAVENS, GREG MCKENZIE and DALE LUICK, in excess of $100,000, plus attorney's fees and court costs to reasonably compensate Plaintiff for its injuries; and

D. Order whatever other relief this Court deems just.

### Count III
### Civil Conspiracy
### (Plaintiffs v. All Defendants)

74. Plaintiff realleges and incorporates herein Paragraphs 1-73 of Count II as Paragraphs 1-73 of Count III, as fully stated herein.

75. It is readily apparent from the interactions of Defendants Duane Luick, Nanette Havens, Greg McKenzie and Dale Luick have been trying to undermine Plaintiff Residents and Citizens efforts proceed with its initiative.

76. On information and belief, Duane Luick, Nanette Havens, Greg McKenzie and Dale Luick hatched a plan where they would create an alliance to undermine Citizens' initiative by failing to vote on the initiative.

77. When it became clear that Duane Luick, Nanette Havens, Greg McKenzie and Dale Luick were not acting in the best interest of Lima Township, Citizens initiated a ballot initiative.

78. In furtherance of the conspiracy, Defendants Duane Luick, Nanette Havens, Greg McKenzie and Dale Luick refuse to place Citizens' initiative on the May 2024 ballot.

79. The actions of Duane Luick, Nanette Havens, Greg McKenzie and Dale Luick have not only stripped Plaintiff of its ability to develop the Property thereby depriving Plaintiff of its revenues, but have burdened the Village and its residents with another undeveloped property that could easily generated tax revenues.

80. On information and belief, Duane Luick, Nanette Havens, Greg McKenzie and Dale Luick have no intention to ever approve Plaintiff Citizens' initiative.

81. This agreement and plot was hatched between Duane Luick, Nanette Havens, Greg McKenzie and Dale Luick, and each of them agreed to participate in the conspiracy to deprive Plaintiff of its ability to develop the Property and generate revenue and burden the Village residents with a property that is not generating maximum tax revenue, no excise tax benefits, nor providing any employment opportunities for Plaintiff Residents, and deprive Plaintiffs of their 14th Amendment rights.

82. All of these actions and representations made by Duane Luick, Nanette Havens, Greg McKenzie and Dale Luick and were all done to achieve an unlawful end of depriving Plaintiffs of its rights, property, and business opportunities.

83. As a result of these unlawful and overt acts performed by Duane Luick, Nanette Havens, Greg McKenzie and Dale Luick, Plaintiffs have been damaged in excess of $100,000 and Plaintiff has incurred substantial attorneys' fees in discovering this conspiracy.

84. As a result of the conspiracy of Duane Luick, Nanette Havens, Greg McKenzie and Dale Luick, Plaintiff has been harmed and is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiffs LIMA TOWNSHIP RESIDENTS and CITIZENS OF LIMA FOR CANNABIS, pray that this Honorable Court enter a judgment in favor of Plaintiffs and against Defendants, DUANE LUICK, NANETTE HAVENS, GREG MCKENZIE, and DALE LUICK, in excess of $100,000 in compensatory damages, punitive damages, attorney's fees and court costs and for whatever other relief this Court deems just.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims and/or defenses so triable herein.

Respectfully Submitted,

RESIDENTS OF LIMA TOWNSHIP and
CITIZENS OF LIMA FOR CANNABIS

By: /s/ James E. R. Fifelski
James E. R. Fifelski (P65148)
Fifelski Legal, PLC
Attorney of Record for Plaintiffs
2723 S. State Street, Suite 150
Ann Arbor, MI 48104
(734) 726-0225
james@annarborslawyer.com

By: /s/ Dan E. Garbis
Dan E. Garbis
Co-Counsel for Plaintiffs
The Garbis Law Firm, LLC
7330 North Cicero Avenue
Lincolnwood, Illinois 60712
(847) 982-9518
Firm No. 43757
dgarbis@garbislawfirm.com