UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LIMA TOWNSHIP RESIDENTS,
Residents of a Michigan Township,            Case No: 2:24-cv-10666
CITIZENS OF LIMA FOR CANNABIS,
a Michigan General Partnership,              HON. TERRENCE G. BERG

    Plaintiffs,

v

LIMA TOWNSHIP, DUANE LUICK,
NANETTE HAVENS, GREG MCKENZIE, and
DALE LUICK,

    Defendants.

_____

### DEFENDANTS' MOTION TO DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants seek entry of an order dismissing this matter for want of subject matter jurisdiction.

This Motion is supported by a brief.

Counsel for Defendants sought concurrence in the relief requested in this Motion during separate phone conversations with the two attorneys who identified themselves as representing Plaintiffs, Mr. James Fifelski and Mr. Dan Garbis. Defense counsel explained the basis of this Motion. Plaintiff's counsel did not concur in the relief sought.

                                            Respectfully submitted,

                                            FOSTER, SWIFT, COLLINS & SMITH, P.C.
                                            Attorneys for Defendants

Dated:  April 11, 2024         By:   /s/Thomas R. Meagher
                                                Thomas R. Meagher (P32959)
                                                FOSTER SWIFT COLLINS & SMITH, PC
                                                313 S. Washington Square
                                                Lansing, MI 48933
                                                517.371.8161
                                                tmeagher@fosterswift.com

14107:00433:200434885-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LIMA TOWNSHIP RESIDENTS,
Residents of a Michigan Township,　　　　Case No: 2:24-cv-10666
CITIZENS OF LIMA FOR CANNABIS,
a Michigan General Partnership,　　　　　HON. TERRENCE G. BERG

    Plaintiffs,

v

LIMA TOWNSHIP, DUANE LUICK,
NANETTE HAVENS, GREG MCKENZIE, and
DALE LUICK,

    Defendants.

_____

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION**

## INTRODUCTION

Subject matter jurisdiction is a threshold question. Without subject matter jurisdiction, the Court lacks power to issue any order other than an order to dismiss this case. *Binno v American Bar Association,* 826 F3d 338, 344 (6th Cir 2016). See also *US Fidelity and Guarantee Co. v Thomas Solvent Co.,* 955 F2d 1085, 1087 (6th Cir 1992) (explaining that where a District Court lacks subject matter jurisdiction its orders are "void.") In this case, based on the face of the Complaint, this Court lacks subject matter jurisdiction, so this Motion should be granted.

## ARGUMENT

The single paragraph in which Plaintiff seeks to allege jurisdiction is paragraph 7 of the Complaint that provides in full as follows:

> This Court has jurisdiction over the subject matter hereof and the parties hereto for violations of 42 USC § 1983, the Fourteenth Amendment of the United States Constitution, and Art. 1 § 17 of the Michigan Constitution.

ECF No. 1, PageID.2 (Complaint, ¶7).

While the allegations in paragraph 7 would suggest that federal claims might be at issue, in fact there are no allegations in the Complaint that could support a claim under 42 USC §1983, nor any claim under the Fourteenth Amendment of the United States Constitution. To the contrary, Plaintiff alleges only state law claims.

2

Count I of the Complaint, "Writ of Mandamus" is set forth in paragraphs 60-65 inclusive (ECF No. 1, PageID.12-13). This is a state law claim and does not implicate federal question jurisdiction.

Similarly, Count III of the Complaint "Civil Conspiracy" in no sense implicates federal question jurisdiction. (ECF No. 1, PageID.15-17; Complaint, ¶¶74-84).

And although Count II of the Complaint is titled "Violation of Due Process – Declaratory Judgment" (ECF No. 1, PageID.13), the only due process violation alleged in the Complaint is based on Art. 1 § 17 of the Michigan Constitution. See Complaint, ¶56 (ECF No. 1, PageID.11).

The Complaint also is devoid of any allegations that could support a claim under 42 USC § 1983.

Nor does Plaintiff make any effort to allege diversity jurisdiction, which could not be alleged since all of the parties in this case are in Michigan.

In summary, based on the face of the Complaint, this Court lacks jurisdiction so this Motion should be granted. *Binno, supra*.

## CONCLUSION

Because Plaintiff has failed to allege facts that could support the exercise of jurisdiction by this Court, this Motion should be granted, and the case dismissed.

                    Respectfully submitted,

                    FOSTER, SWIFT, COLLINS & SMITH, P.C.
                    Attorneys for Defendants

Dated:  April 11, 2024        By:    /s/Thomas R. Meagher
                                          Thomas R. Meagher (P32959)
                                          FOSTER SWIFT COLLINS & SMITH, PC
                                          313 S. Washington Square
                                          Lansing, MI 48933
                                          517.371.8161
                                          tmeagher@fosterswift.com

14107:00433:200434968-1